Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; FASHION AVENUE KNITS, INC., a New York Corporation; and Does 1-10, Inclusive<br><br>Defendants. | Case No.: CV12-08005 GW (SHx)<br>*Honorable George Wu Presiding*<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. BREACH OF CONTRACT<br><br><u>Jury Trial Demanded</u> |

Plaintiff MERIDIAN TEXTILES, INC. (hereinafter "MERIDIAN" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these

- 1 -

designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff copyrights.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MERIDIAN TEXTILES, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at

5. Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART STORES, INC. ("WAL-MART") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 818 West Seventh Street, Los Angeles, California, 90017.

6. Plaintiff is informed and believes and thereon alleges that Defendant FASHION AVENUE KNITS, INC. ("FASHION AVENUE") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 225 West 37th Street, 8th Floor, New York, New York, 10018 and doing business in and with California.

7. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN L2038

10. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number L2038 ("Subject Design A"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff. At all relevant times Plaintiff held a valid copyright in the Subject Design A.

11. Plaintiff applied for and received a United States Copyright Registration for the Subject Design A.

12. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

13. Following this distribution of product bearing Subject Design A, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to the Subject Design A were being sold by WAL-MART and created, manufactured, caused to be manufactured, imported, and/or distributed by FASHION AVENUE. These garments were sold under ITEM NO. 78905031493, RN NO. 73352, and STYLE NO. 11863.

14. A comparison of Subject Design A (left) and Accused Product A (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.




## CLAIMS RELATED TO DESIGN L2468

15.. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number L2468 ("Subject Design B"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff. At all relevant times Plaintiff held a valid copyright in the Subject Design B.

16. Plaintiff applied for and received a United States Copyright Registration for the Subject Design B.

17. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

18. Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to the Subject Design B were being sold by WAL-MART and created, manufactured, caused to be manufactured, imported, and/or distributed by FASHION AVENUE. These garments were sold under ITEM NO. 078905031485, RN NO. 73352, and STYLE NO. 11863.

19. A comparison of Subject Design B (left) and Accused Product B (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.




## CLAIMS RELATED TO DESIGN J1455

20. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number J1455 ("Subject Design C"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff. At all relevant times Plaintiff held a valid copyright in the Subject Design C.

21. Plaintiff applied for and received a United States Copyright Registration for the Subject Design C.

22. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

23. Following this distribution of product bearing Subject Design C, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to the Subject Design C were being sold by WAL-MART and created, manufactured, caused to be manufactured, imported, and/or distributed by FASHION AVENUE. These garments were sold under ITEM NO. 078905031268K, RN NO. 73352, and STYLE NO. 11891.

24. A comparison of Subject Design C (left) and Accused Product C (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.




## **CLAIMS RELATED TO DESIGN L2303**

25. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design No. L2303 ("Subject Design D"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff. At all relevant times Plaintiff held a valid copyright in the Subject Design D.

26. Plaintiff applied for and received a United States Copyright Registration for the Subject Design D.

27. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design D to numerous parties in the fashion and apparel industries.

FIRST AMENDED COMPLAINT

28. Following this distribution of product bearing Subject Design D, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to the Subject Design C were being sold by WAL-MART and created, manufactured, caused to be manufactured, imported, and/or distributed by FASHION AVENUE. These garments were sold under WAL-MART SKU 078905033780, bearing RN NO. 73352, and STYLE NO. fg12530.

29. A comparison of Subject Design D (left) and Accused Product D (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.




## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Subject Designs A, B, C, and D shall collectively be referred to herein as "Subject Designs."

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments being sold in the marketplace bearing fabric lawfully printed through Plaintiff.

33. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

35. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

36. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

38. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts complained of herein knowingly and with reckless disregard of Plaintiff's copyrights such that their actions constitute willful infringement. Specifically, Defendant FASHION AVENUE sampled each of the Subject Designs from Plaintiff knowing that they were Plaintiff's proprietary artwork, but rather than having those designs printed through Plaintiff, took those designs to have them printed elsewhere and/or created unauthorized derivative designs from the Subject Designs.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

39. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

42. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

43. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

(For Breach OF Contract - Against Defendant Fashion Avenue)

44. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-43 of this Complaint.

45. Prior to the infringement alleged herein, FASHION AVENUE took access to, and possession of, samples of the Subject Designs directly from Plaintiff. FASHION AVENUE received these samples only after expressly agreeing to Plaintiff's contractual restriction that FASHION AVENUE would seek Plaintiff's authorization before creating any product bearing the Subject Designs, and, if it was to create product bearing the Subject Designs, it would only do so only through Plaintiff.

46. FASHION AVENUE, when receiving Plaintiff's samples of the Subject Designs, expressly and impliedly promised to seek authorization from Plaintiff before using the Subject Designs in any manner, and promised to pay Plaintiff for

- 12 -

FIRST AMENDED COMPLAINT

the use of the Subject Designs if it chose to use them in any way. This promise to pay for use of the Subject Designs was discrete from FASHION AVENUE's promise not to infringe the Subject Designs.

47. Plaintiff provided the Subject Design to FASHION AVENUE while negotiating a possible purchase by FASHION AVENUE of Plaintiff's products. When providing the Subject Designs to FASHION AVENUE, Plaintiff clearly indicated that FASHION AVENUE was receiving samples of the Subject Designs with the condition that FASHION AVENUE was to tender to Plaintiff the reasonable value of use of any of the Subject Designs if FASHION AVENUE was to make use of the Subject Designs.

48. Plaintiff and FASHION AVENUE engaged in the transactions set forth herein, wherein Plaintiff submitted the Subject Designs to FASHION AVENUE with the understanding and expectation, clearly understood by said parties, that Plaintiff would first authorize, and then be paid for, any use of any of the Subject Designs by FASHION AVENUE.

49. Plaintiff would not have disclosed the Subject Designs to FASHION AVENUE without FASHION AVENUE's agreement to the stipulations and conditions regarding Plaintiff's authorization of, and payment receipt for, any use of the Subject Design by FASHION AVENUE.

50. Despite this knowledge and understanding, FASHION AVENUE created or had created, product bearing the Subject Designs, or a derivation thereof, and published, advertised, sold, and promoted such products. In doing so, FASHION AVENUE failed to seek Plaintiff's authorization before using the Subject Design, and failed to pay Plaintiff for use of the Subject Designs, in violation of the parties' express and implied agreements as to same.

Due to the above, Plaintiff has suffered general and special damages, in an amount to be established at trial.

- 13 -

FIRST AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
   a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
   d. That Plaintiff be awarded pre-judgment interest as allowed by law;
   e. That Plaintiff be awarded the costs of this action; and
   f. That Plaintiff be awarded such further legal and equitable relief as the
   g. Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

DONIGER / BURROUGHS APC

Dated: September 26, 2012     By: _/s/_

Stephen M. Doniger, Esq.
Attorneys for Plaintiff
MERIDIAN TEXTILES, INC.

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MERIDIAN TEXTILES, INC., a California Corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; FASHION AVENUE KNITS, INC., a New York Corporation; and Does 1-10, Inclusive<br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-08005 GW (SHx)<br><br>SUMMONS |
|---|---|

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ___first___ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger, Esq._, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __9/27/2012__     By: _____
                                    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*